UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

№ 06-CV-1635 (JFB) (WDW)

---

ROLF W. WITTICH,

Plaintiff,

VERSUS

PETER WITTICH,

Defendant.

---

MEMORANDUM AND ORDER
November 29, 2006

---

JOSEPH F. BIANCO, District Judge:

Plaintiff Rolf Wittich filed a complaint in this action on April 7, 2006, in an effort to set aside a Settlement Agreement that was entered between plaintiff and defendant Peter Wittich, among others, in 2003. Defendant Peter Wittich moves pursuant to Rules 12 and 19 to dismiss plaintiff's complaint in its entirety for lack of subject matter jurisdiction, under principles of preclusion, for failure to join an indispensable party, and for failure to state a claim as to plaintiff's third cause of action for a preliminary injunction.[1] For the reasons that follow, defendant's motion is granted.

I. BACKGROUND

A. Factual Background

The instant action arises out of a family dispute regarding two closely-held corporations. The dispute was the subject of two separate actions in Supreme Court, Nassau County, that were settled in 2003 by one agreement that was signed by all parties to the state court actions (hereinafter the "Settlement Agreement" or "the Agreement"). (Compl. Ex. 3, Def.'s Mem. Ex. 1.) Only two of the parties to that

---

[1] Because this Court grants defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds of preclusion and, alternatively, pursuant to Fed. R. Civ. P. 12(b)(7) and Fed. R. Civ. P. 19(b) for failure to join an indispensable party, the Court does not address defendant's motion to dismiss plaintiff's third cause of action.

Settlement Agreement are parties to the instant case. The first action was a shareholder's derivative action brought by defendant Peter Wittich and three of his siblings, derivatively, on behalf of Bell Oil Terminal, Inc., (hereinafter "Bell Oil") a Delaware Corporation, against their father, plaintiff Rolf Wittich. The second action was a direct action brought by Ameropan Oil Corp. (hereinafter "Ameropan"), a New York corporation, directly against the plaintiff in this case, Rolf Wittich, and a third-party. Plaintiff was the majority shareholder in both Bell Oil and Ameropan and his children, including the defendant in this case, were minority shareholders. Plaintiff signed the Settlement Agreement on November 6, 2003, while represented by an attorney. Plaintiff alleges that he was forced to sign the agreement under duress of defendant Peter Wittich and the erroneous advice of his counsel. (Compl. ¶ 12(d).) The Settlement Agreement was "so-ordered" pursuant to N.Y. Bus. Corp. Law § 626(d) by the Honorable Justice Leonard B. Austin of Supreme Court, Nassau County, on June 22, 2006. (Defs.' Mem. Ex. 3.)

Under the Settlement Agreement, plaintiff Rolf Wittich acknowledged unauthorized use of funds belonging to Bell Oil and Ameropan in excess of $6.5 million. Pursuant to the Settlement Agreement, Bell Oil, Ameropan and each of the individual shareholders issued a general release of all claims against Rolf Wittich and Rolf Wittich was to transfer his shares to defendant Peter Wittich while the other shareholders retained their shares. (Defs.' Mem. Ex. 1.)

On April 7, 2006, plaintiff instituted this action in an effort to set aside the Settlement Agreement. Defendant now moves to dismiss the complaint pursuant to Rules 12(b)(1), 12(b)(6), and 19.

II. STANDARD

A motion to dismiss for want of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) is reviewed under the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See Coveal v. Consumer Home Mortg., Inc.*, No. 04-CV-4755 (ILG), 2005 U.S. Dist. LEXIS 25346, at *6 (E.D.N.Y. Oct. 21, 2005) (citing *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir. 2003), cert. denied, 540 U.S. 1012, 124 S.Ct. 532, 157 L. Ed. 2d 424 (2003)). In reviewing a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, the court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). Dismissal is warranted only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim[] which would entitle him to relief." *Weixel v. Board of Educ. of City of New York*, 287 F.3d 138, 145 (2d Cir. 2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

Further, in reviewing a motion under Fed. R. Civ. P. 12(b)(1), the court may consider evidence beyond the pleadings to resolve disputed issues of fact regarding its jurisdiction. *See Flores v. S. Peru Copper Corp.*, 414 F.3d 233, 255 n.30 (2d Cir. 2003). "A court presented with a motion to dismiss under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6) must decide the 'jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits,

2

and therefore, an exercise of jurisdiction.'" *Coveal*, 2005 U.S. Dist. LEXIS 25346, at *7 (quoting *Magee v. Nassau County Med. Ctr.*, 27 F. Supp. 2d 154, 158 (E.D.N.Y. 1998)); *see also Rhulen Agency, Inc. v. Alabama Ins. Guaranty Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990) (noting that a motion to dismiss for failure to state a claim may be decided only after finding subject matter jurisdiction).

III. DISCUSSION[2]

A. *Rooker-Feldman*

Defendant argues that this case should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine stands for the general proposition that "federal district courts lack

---

[2] Both parties attached documents to their memoranda relating to the two prior state court actions and the Settlement Agreement. Generally, in considering a motion to dismiss, the Court is limited to those materials that are referred to in, and integral to, the complaint. As noted above, however, the Court can consider evidence beyond the pleadings when reviewing a motion to dismiss for want of subject matter jurisdiction. *Floresi*, 414 F.3d at 255. "Moreover, this Court may take judicial notice of the relevant pleadings, orders and judgments in the prior action without converting [the] motion to one for summary judgment" when reviewing a motion to dismiss under the doctrines of *res judicata* or collateral estoppel. *Marchon Eyewear, Inc. v. Tura LP*, No. 98-CV-1932 (SJ), 1999 WL 184107, at *2 (E.D.N.Y. March 28, 1999); *see also Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts . . . not for the truth of the matters asserted in other litigation, but rather to establish the fact of such litigation and related filings."); *Carmellino v. Dist. 20 of the N.Y. City Dep't of Educ.*, No. 03-CV-5942 (PKC), 2004 U.S. Dist. LEXIS 5754, at *5 (S.D.N.Y. April 5, 2004). Thus, in deciding this motion to dismiss, the Court takes judicial notice of the documents from the previous state court actions, including the prior order approving the settlement and the transcript of the argument. *See Washington v. United States Tennis Ass'n*, 290 F. Supp. 2d 323, 326 (E.D.N.Y. 2003) ("[The court] is permitted to take judicial notice of court documents from previous actions.").

3

jurisdiction over suits that are, in substance, appeals from state-court judgments." *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005).

In *Hoblock*, the Second Circuit rigorously re-examined the *Rooker-Feldman* doctrine in light of the Supreme Court's decision in *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). *See Hoblock*, 422 F.3d at 83. The Second Circuit noted that *Exxon Mobile* reduced the expanse of the *Rooker-Feldman* doctrine, "holding that it 'is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Hoblock*, 422 F.3d at 85 (quoting *Exxon Mobile*, 544 U.S. at 284). Thus, the Second Circuit found that there are four requirements for the application of *Rooker-Feldman*: (1) "the federal-court plaintiff must have lost in state court"; (2) "the plaintiff must complain of injuries caused by a state court judgment"; (3) "the plaintiff must invite district court review and rejection of that judgment"; and (4) "the state-court judgment must have been rendered before the district court proceedings commenced." *Hoblock*, 422 F.3d at 85 (internal citations and quotations omitted).

As previously stated, the two substantive requirements of *Rooker-Feldman* are: (1) the federal plaintiff must complain of injury from a state-court judgment; and (2) the federal plaintiff must seek federal-court review and rejection of the state-court judgment. *See Hoblock*, 422 F.3d at 85. These substantive requirements support the principle, expressed in 28 U.S.C. § 1257, that within the federal judicial system, only the United States Supreme Court may review state-court decisions.[3] *See id.* However, section 1257 does not deprive a district court of subject-matter jurisdiction

> simply because a party attempts to litigate in federal court a matter previously litigated in state court . . . . If a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . . , then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.

*Exxon Mobile*, 544 U.S. at 293 (internal citations and quotations omitted).

First, plaintiff contends that he was not a state court loser because the actions were not adjudicated on the merits, but instead concluded as a result of the Settlement Agreement. "[R]ather than putting the court in the position of evaluating subjectively whether a settlement should be considered a loss, it seems sufficient for plaintiff[] to allege that the court-approved settlement[] somehow violated [his] rights." *Green v. City of New York*, 438 F. Supp. 2d 111, 119 (E.D.N.Y. 2006). Thus, for purposes of *Rooker-Feldman*, because plaintiff now seeks to overturn the settlement, alleging that the Settlement Agreement violated his rights, the Court deems plaintiff a losing party in a state

---

[3] *Habeas corpus* review stands as an exception to this general principle. *See Hoblock*, 422 F.3d at 85 n.5.

4

court action for purposes of this procedural requirement of *Rooker-Feldman*. In addition, as to the third prong, the parties do not contest that plaintiff is seeking district court review and rejection of the settlements in state court.

The issue here, however, turns on whether the Settlement Agreement constitutes a final state court judgment that was rendered prior to the initiation of this action. Under New York law, a shareholders' derivative suit "shall not be discontinued, compromised or settled without the approval of the court having jurisdiction of the action." N.Y. BUS. CORP. LAW § 626(d). One of the two underlying suits to the Settlement Agreement was a shareholders' derivative suit. The other underlying suit, however, was a direct action and did not require that the court "so order" the agreement to discontinue the action. The Settlement Agreement was dated October 31, 2003 as amended, but the agreement was not approved and "so ordered" until June 22, 2006. (Defs.' Mem. of Law, Ex. 4.)

A settlement agreement *may* constitute a state-court judgment for purposes of the *Rooker-Feldman*, thereby satisfying the second prong of the doctrine. *See Greene*, 438 F. Supp. 2d at 119 ("[C]ourts have treated settlement agreements as final judgments for purposes of the *Rooker-Feldman* doctrine."); (citing *Allianz Ins. Co. v. Cavagnuolo*, No. 03-CV-1636 (HB), 2004 WL 1048243, at *6 (S.D.N.Y. May 7, 2004)); *see also Lombard v. Lombard*, No. 00-CV-6703, 2001 WL 548725, at *4 (S.D.N.Y. May 23, 2001). In *Hoblock*, however, the Second Circuit stated:

> The following formula guides our inquiry: a federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it. Where a state-court judgment causes the challenged third-party action, any challenge to that third-party action is necessarily the kind of challenge to the state judgment that only the Supreme Court can hear. This formula dovetails with the *Rooker-Feldman* requirement about timing that we have termed "procedural," i.e., the requirement that the federal suit be initiated after the challenged state judgment. If federal suit cannot be barred by *Rooker-Feldman* unless they complain of injuries produced by state-court judgments, it follows that no federal suit that precedes a state-court judgment will be barred; the injury such federal suit seeks to remedy cannot have been produced by a state-court judgment that did not exist at the federal suit's inception.

*Hoblock*, 422 F.3d at 88. Defendant argues that it is inconsequential that the Settlement Agreement was not "so ordered" prior to the initiation of this action and that the settlement of the direct action and derivative action became a final judgment when the Agreement was signed in 2003. Defendant further argues that the settlement of the two actions are intertwined such that even if this Court were to hold that the derivative action was not a final judgment until it was "so ordered" pursuant to N.Y. Bus. Corp. Law § 626(d), the Settlement Agreement became a final judgment when it was signed because it also constituted a settlement of the direct action that did not need to be "so ordered." Plaintiff, on the other hand, asserts that the Agreement could not become a final judgment until it was

5

"so ordered" by the state court, which occurred after the initiation of this suit.[4] Regardless of the requirements of N.Y. Bus. Corp. Law § 626(d), the language of *Hoblock* suggests that a settlement must be "so ordered" by a court for it to have the effect of a final judgment for purposes of *Rooker-Feldman*. Without the court action of "so ordering" the settlement, it is not clear that third-party's actions are "produced by the state-court judgment" as required in *Hoblock*. Defendant points to no case that supports the proposition that a settlement in a derivative action becomes a final judgment prior to the Court's approval of the settlement. Defendant cites *Allianz Ins. Co.*, 2006 U.S. Dist. LEXIS 48360, and *Lombard*, 2001 WL 548725, for the proposition that a settlement agreement is a judgment for purposes of *Rooker-Feldman*, at least as applied to the direct action, even if not approved by the state court. (Def.'s Mem. at 5.) The holdings of these cases, however, do not make clear that court approval is immaterial. In *Allianz*, the court noted that the state court did not enter a final judgment "because the parties entered into a stipulation discontinuing the action based on their settlement," but, nevertheless, found that the "settlement agreement may constitute a final judgment." 2006 U.S. Dist. LEXIS 48360, at *6. There is no indication, however, as to whether the court "so ordered" that stipulation and settlement.[5] The court did not hold, as defendant suggests, that "so ordering" is immaterial. It is similarly unclear in *Lombard* whether a state court "so ordered" the settlement and whether that was a consideration. Further, in *Greene*, the court specifically noted that "[p]laintiffs commenced the instant action *after state courts approved the settlements*." 438 F. Supp. 2d at 119 (emphasis added). Thus, the Court finds, under the standards announced in *Hoblock*, that this Court does not lack subject matter jurisdiction under *Rooker-Feldman* because the Settlement Agreement was not approved by the state court until after the initiation of this action. However, as stated below, this case must still be dismissed,

---

[4] At oral argument, counsel for plaintiff argued that the state court's approval, "so ordering" the Settlement Agreement upon state court plaintiffs' motion, only applied to the direct action, not the derivative action. Counsel appears to rely on a third page attached to plaintiff's exhibit of the order, that only contains what appears to be a clerical stamp by the County Clerk of Nassau County, indicating that the order was filed. (Pl.'s Ex. F.) Above the stamp, there is a handwritten notation with the index number of the direct action, but not the derivative action. (*Id.*) Though Justice Austin's order itself bears the caption of both actions, and the order begins, "[p]laintiffs in the above-captioned actions," plaintiff attempts to create an issue as to the third page, which is not part of the actual order, but part of the filing, where a clerk wrote in the docket number of only one action. The Court finds that the order unequivocally applies to both actions. Not only does the caption include both actions, and the order itself refer to the plural "actions," but the transcript of the argument before Justice Austin also lists both index numbers and Justice Austin states, "[w]e have a motion by plaintiffs in the two actions." (Def.'s Ex. 3.) Further, Justice Austin stated on the record, "it is the Court's finding and determination that the motion by plaintiffs in the two actions is granted." (*Id*.) Accordingly, the Court finds absolutely no basis for plaintiff's conclusion that the order only applied to one of the two state actions. In any event, as stated *infra*, this action is barred under the doctrines of *res judicata* and collateral estoppel and the Court declines to address defendant's argument under *Rooker-Feldman*.

[5] In addition, the instant case is distinguished from *Allianz* because neither of the state actions here were discontinued as a result of the settlement until *after* the filing of the federal lawsuit.

because the Court finds that this case is barred under ordinary preclusion principles.

## B. *Res Judicata*

The doctrine of *res judicata*, otherwise known as claim preclusion, prevents parties from re-litigating issues in subsequent litigation that were or could have been litigated in a prior action. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980). "In applying the doctrine of res judicata, [a court] must keep in mind that a state court judgment has the same preclusive effect in federal court as the judgement would have had in state court." *Burka v. New York City Transit Auth.*, 32 F.3d 654, 657 (2d Cir. 1994). New York courts apply a transactional analysis of *res judicata*, "'barring a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief.'" *Id.* (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). The doctrine applies only if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284-85 (2d Cir. 2000). Unlike the *Rooker-Feldman* doctrine, there is no requirement that the state court judgment be rendered *before* the federal action is commenced. Furthermore, "[i]t is clear that a dismissal, with prejudice, arising out of a settlement agreement operates as a final judgment for *res judicata* purposes." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 287 (2d Cir. 2002). In the instant case, all of the relief sought by plaintiff not only could have been litigated, but was *in fact* litigated, in the underlying state actions and both parties here were parties to the state actions. *See Morris v. Lindau*, 196 F.3d 102, 112 (2d Cir. 1999) ("Th[e] claims are therefore precluded by *res judicata*, the doctrine that prevents a party from litigating any issue that could have been raised in a previous suit – where the parties and subject matter are the same – based on the same or a connected series of events."). Specifically, plaintiff challenged the Settlement Agreement on duress and other grounds in the state actions, and Justice Austin concluded that the "defenses raised with regard to the viability of the agreement must be rejected" and that plaintiff "candidly conceded that he has received tremendous benefit under the terms of the agreement, both with regard to a waiver of a variety of claims against him as well as payments." (Def.'s Ex. 2 at 24.) Accordingly, plaintiff's claims as to the viability of the Settlement Agreement have been decided and this Court is precluded from hearing those claims under the doctrine of *res judicata*.[6]

## C. Failure to Join and Indispensable Party

Even assuming *arguendo* that this case should not be dismissed under Fed. R. Civ. P. 12(b)(6) on the grounds of preclusion, this case must be dismissed pursuant to Fed. R.

---

[6] This action is also barred by issue preclusion, otherwise known as collateral estoppel. Issue preclusion applies under New York law if "(1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom issue preclusion is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *Hoblock*, 422 F.3d at 94 (internal quotation marks omitted). Here, plaintiff raises the same issues in challenging the Settlement Agreement, even though he had a full and fair opportunity to litigate in state court and those issues were decided by Justice Austin.

Civ. P. 12(b)(7) for failure to join an indispensable party under Fed. R. Civ. P. 19(b). Rule 19 sets forth a two part test to determine whether an action must be dismissed for failure to join an indispensable party.[7] *Assoc. Dry Goods Corp. v. Towers Fin. Corp.*, 920 F.2d 1121, 1123 (2d Cir.1990). First, the court must determine whether a party is necessary to the action, such that the party should be joined if feasible. *Id.* If the court determines the party is necessary but cannot be joined, then the court proceeds to step two and must inquire whether "in equity and good conscience, the action should proceed in the necessary party's absence." *Id*. at 1124.

For the reasons that follow, this Court finds that Ameropan is both necessary and indispensable. Rather than address defendants' argument that the corporations or shareholders are indispensable parties, plaintiff argues that the defendant "is the sole party keeping all the interests of the corporations" and that the Settlement Agreement inures to the benefit of the defendant and not the corporation or shareholders. (Pl.'s Mem. at 19.)

However, among the relief sought, plaintiff seeks an accounting from Ameropan as well as a declaration as to its ownership. (Compl. ¶¶ 11(a), 20(b).) In order to grant such relief, Ameropan must be a party to the action. *See Lewis v. Lewis*, 358 F.2d 495, 501 (9th Cir. 1966) ("The court could not render justice between the personal parties, in the absence of the corporate defendants, for in their absence the court would be without power to order the corporations to account."). The corporations and shareholders who were parties to the underlying state actions not only have an interest in the Settlement Agreement, but also signed the Settlement Agreement

---

[7]Federal Rule of Civil Procedure 19 provides:

(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

(b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

8

plaintiff now seeks to set aside. If this Court were to grant the relief sought by plaintiff, control of Ameropan would be handed back to plaintiff. Such prejudice to the absent parties cannot be "lessened or avoided." *See* FED. R. CIV. P. 19(b). Any judgment rendered in these parties' absence would not be adequate because plaintiff seeks a transfer of ownership of the two corporations and an accounting. Further, plaintiff seeks to undo the Settlement Agreement that was entered into between plaintiff and other absent shareholders and corporations that resulted from plaintiff taking significant corporate funds from a corporation in which the absent parties had an interest. Finally, plaintiff has an adequate remedy in state court. Whether plaintiff failed to follow state court procedures and timely file appeals in state court, is of no consequence to that analysis here. Thus, the two corporations and the shareholders are indispensable parties to this action. *Dunn v. Std. Bank London Ltd.*, No. 05-CV-2749 (DLC), 2006 U.S. Dist. LEXIS 3115, at *10 (S.D.N.Y. Jan. 30, 2006) ("'If the resolution of a plaintiff's claim would require the definition of a non-party's rights under a contract, it is likely that the non-party is necessary under Rule 19(a).'") (quoting *Jonesfilm v. Lion Gate Int'l*, 299 F.3d 134, 140 (2d Cir. 2002)); *see also Lee v. Kim*, No. 97-CV-4406 (DC), 1998 WL 20003, at *6 (Jan. 20, 1998) (holding that a corporation was an indispensable party to an action alleging fraud and contract claims relating to the purchase of a company because it had executed the sales agreement and had signed a note for the balance of the purchase price). "'Equity and good conscience would seem to require that under circumstances such as those present here, parties should present their claims in a state court rather than attempt to manipulate jurisdiction by dropping plaintiffs with a substantial interest in the claim solely for the purpose of retaining jurisdiction in the federal court.'" *Envirotech Corp. v. Bethlehem Steel Corp.*, 729 F.2d 70, 76 (2d Cir. 1984) (quoting *Acton Co. v. Bachman Foods, Inc.*, 668 F.2d 76, 81 (1st Cir. 1982)). Accordingly, because Ameropan, a New York corporation, (Compl. ¶ 11(c), 12(a)), is an indispensable party, and plaintiff is a resident of the State of New York, (Compl. ¶ 1), it is not feasible to join Ameropan because joinder would destroy diversity and this Court would lack jurisdiction over the instant case. Thus, the Court must dismiss this case on that basis.[8]

---

[8] Though plaintiff attempts to allege an alternative basis of subject matter jurisdiction in his complaint based on "the U.S. Constitution, Commerce clause, and/or Due Process Clause," and pursuant to 29 U.S.C. § 2201 *et seq.*, after a review of the complaint, the Court finds no federal question upon which to exercise subject matter jurisdiction. In addition, in opposition to defendant's motion, plaintiff does not attempt to assert federal question jurisdiction as a valid basis for subject matter jurisdiction. At oral argument, plaintiff indicated a desire to amend the complaint to exclude any specific relief as to Ameropan in order to avoid dismissal for failure to join an indispensable party and avoid destruction of diversity jurisdiction. However, there are still various other parties to the Settlement Agreement who are not parties to this action and could be impacted by the setting aside of the Settlement Agreement. In any event, plaintiff's failure to join an indispensable party is merely an alternative grounds for dismissal because the Court determined that plaintiff's case must be dismissed under the doctrine of *res judicata*. Accordingly, any effort by plaintiff to amend the complaint in an effort to fashion relief such that all parties to the Settlement Agreement are not indispensable to ths action, even if plausible, would be futile.

9

D. Leave to Amend Would be Futile

"Leave to amend should be freely granted, but the district court has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party." *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002). As to futility, "leave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim, i.e., if it appears beyond doubt that the plaintiff[s] can plead no set of facts that would entitle [them] to relief." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (citing *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)). In light of the Court's above holdings, the Court finds that there are no allegations that could cure this complaint's infirmities under *res judicata*. Therefore, plaintiff is not granted leave to amend as amendments would be futile.

III. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED. The Clerk of the Court shall enter judgment in favor of defendant and close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: November 29, 2006
Central Islip, New York

\* \* \*

The attorney for plaintiff is Marjory Cajoux, Esq., 116 Bond Street, Brooklyn, New York 11217. The attorney for defendant is Thomas McGowen, Esq. The attorney for defendant is Thomas J. McGowen of Metlzer, Lippe, Goldstein & Breitstone, LLP, 190 Willis Avenue, Mineola, New York 11501.